IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOE JULIANO,<br><br>    Plaintiff,<br><br>v.<br><br>KENTON ENGEL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:23-CV-351 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Defendant's Motion to Dismiss. Defendant seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress ("IIED"). For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

  Plaintiff and Defendant were both in attendance at an event held by their employer. Defendant's department planned the event. After the event ended, Defendant, having become upset with Plaintiff, got in Plaintiff's face, touched his finger into Plaintiff's chest, and repeatedly threatened him while using profanity. A short time later, Defendant texted Plaintiff his hotel room number, presumably so that they could engage in a physical altercation. Plaintiff brings claims for civil assault and IIED.

## II. MOTION TO DISMISS STANDARD

  In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

1

the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

### III. DISCUSSION

"In order to demonstrate the intentional infliction of emotional distress, a plaintiff must show: (1) intentional or reckless conduct (2) which is 'of such a nature as to be considered outrageous and intolerable in that [it] offend[s] against the generally accepted standards of

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

decency and morality.'"[7] "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[8] "The liability [for IIED] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[9]

> The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam.[10]

"If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails."[11]

Here, the Court concludes that Defendant's conduct was not outrageous as a matter of law. Plaintiff alleges that Defendant got in his face, touched his finger to Plaintiff's chest, and threatened him using profanity. While certainly serious, Plaintiff's allegations do not rise to the level of evoking outrage or revulsion. Instead, these are the types of insults, indignities, and threats that fall outside IIED.

The Utah Supreme Court has "recognized that while a single insult, indignity, or threat may not give rise to liability for intentional infliction of emotional distress, a continuous and

---

[7] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 950 (10th Cir. 2011) (quoting *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 969 (Utah 2008)).

[8] *Oman*, 194 P.3d at 969 (citation omitted).

[9] *Bennett v. Jones Waldo Holbrook & McDonough*, 70 P.3d 17, 32 (Utah 2003) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

[10] Restatement (Second) of Torts § 46 cmt. d.

[11] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) (citations omitted).

ongoing pattern of the same may constitute extreme, intolerable, and outrageous conduct and thus result in liability."[12] For example in *Retherford*, the plaintiff sufficiently alleged a claim of intentional infliction of emotional distress based on an ongoing pattern of intimidation and harassment.[13] Specifically, the plaintiff alleged that after she filed a sexual harassment complaint, her co-workers began to harass and intimidate her, and continued to do so for a number of months.[14] The plaintiff alleged "months of persecution by her co-workers" where they "shadowed her movements, intimidated her with threatening looks and remarks, and manipulated circumstances at her work in ways that made her job markedly more stressful, all in retaliation for her good-faith complaint of sexual harassment."[15]

In *Cabaness*, the plaintiff "alleged an ongoing and continuous pattern of abusive, intimidating, and harassing behavior from his supervisor."[16] The plaintiff alleged that throughout his two-decade career, his supervisor "insulted and demeaned him by, among other things, calling him 'dumbass,' 'jackass,' and 'ass hole.'"[17] Numerous other employees testified that the supervisor "frequently used gross profanity and consistently verbally harassed, intimidated, and ridiculed the employees he supervised."[18] The Utah Supreme Court noted that "[w]hile any of these alleged insults or indignities on their own may not rise to the level of outrageous and

---

[12] *Cabaness v. Thomas*, 232 P.3d 486, 500 (Utah 2010) (citing *Retherford v. AT & T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 975–76, 978 (Utah 1992)).

[13] *Retherford*, 844 P.2d at 975.

[14] *Id.* at 978.

[15] *Id.*

[16] *Cabaness*, 232 P.3d at 500.

[17] *Id.*

[18] *Id.* at 493.

intolerable conduct, taken together, and viewed in a light most favorable to [the plaintiff]," "reasonable minds could differ regarding whether [the supervisor's] conduct was outrageous and intolerable."[19]

In this case, Plaintiff does not allege a months or years-long campaign of threats and intimidation. Instead, Plaintiff alleges a series of interactions with Defendant, taking place on a single day. Thus, his reliance on *Retherford* and *Cabaness* is misplaced. The allegations in Plaintiff's Complaint are not such that reasonable minds could differ on whether Defendant's conduct was outrageous and intolerable. Therefore, the Court finds that Plaintiff's IIED claim fails as a matter of law and it will be dismissed.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion (Docket No. 12) is GRANTED.

DATED this 17th day of August, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[19] *Id.* at 501.