IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOE JULIANO,<br><br>    Plaintiff,<br><br>v.<br><br>KENTON ENGEL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S REQUEST TO FILE A SURREPLY<br><br>Case No. 2:23-cv-351-TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Summary Judgment on Defendant's counterclaim and request to file a surreply. For the reasons described below, the Court grants summary judgment for Plaintiff and denies Defendant's request to file a surreply.

I.    BACKGROUND

In November 2022, Defendant Kenton Engel was the Vice President of Marketing at New U Life ("NUL"), and Plaintiff Joe Juliano was NUL's Master Distributor. According to the Complaint, Plaintiff ruined a product reveal at an NUL corporate event on November 15, 2022, and, as a result, Defendant confronted him, causing a heated exchange.[1] Defendant was terminated from his position at NUL shortly thereafter. Based on the interaction, Plaintiff filed a complaint against Defendant for civil assault and intentional infliction of emotional distress ("IIED") in Utah state court in May 2023, which Defendant removed to federal court. After removal, Defendant moved to dismiss both claims,[2] and this Court granted dismissal of the IIED

---

[1] Docket No. 2, Ex. A.

[2] Docket No. 12.

1

claim.³ On August 19, 2023, Defendant filed an Answer, which included a counterclaim for battery claiming that during their interaction, Plaintiff pressed his forehead to Defendant's forehead, placed his hands on Defendant's shoulders, and almost pushed Defendant to the ground.⁴

On March 8, 2024, Plaintiff moved for summary judgment on the battery counterclaim, alleging that the Separation Agreement Defendant signed when he left NUL (the "Agreement") prohibits the counterclaim.⁵ Defendant filed a Response on April 5, 2024.⁶ Plaintiff filed his Reply on May 3, 2024, which included a witness declaration from NUL's General Counsel Vanessa Pierce (the "Pierce Declaration") rebutting claims raised in Defendant's Response.⁷ Defendant filed objections to the Pierce Declaration on May 7, 2024, arguing that it adds "new evidence."⁸ Plaintiff filed his Response to Defendant's Objections on May 14, 2024.⁹

## II.   STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.¹⁰ In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could

---

³ Docket No. 18.
⁴ Docket No. 19.
⁵ Docket No. 37 (SEALED).
⁶ Docket No. 44.
⁷ Docket No. 50 (SEALED).
⁸ Docket No. 52, at 2–3.
⁹ Docket No. 53.
¹⁰ FED. R. CIV. PRO. 56(a).

return a verdict for the nonmoving party in the face of all the evidence presented.[11] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[12] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[13]

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact."[14] Once a movant has carried its initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[15]

### III.   DISCUSSION

Plaintiff moves for summary judgment on Defendant's battery counterclaim, arguing that Plaintiff, as NUL's agent, is shielded from tort liability based on the Agreement Defendant signed when he left NUL. Defendant disputes that Plaintiff was acting as NUL's agent during the confrontation and that the Agreement shields Plaintiff from liability. Defendant also objects to the admissibility of (1) evidence included with Plaintiff's Motion, namely the Agreement and Plaintiff's statements, and (2) the Pierce Declaration included in the Reply. The Court will address Defendant's objections before turning to Plaintiff's Motion.

---

[11] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[12] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[13] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[14] *Adler*, 144 F.3d at 670.

[15] *Id.* at 671 (quoting FED. R. CIV. P. 56(e)).

A. OBJECTIONS

Defendant argues that the evidence presented with the Motion is not admissible because the Agreement was not presented with the proper foundation and because Plaintiff's statements in the Motion are hearsay.

At the summary judgment stage, "[t]he only appropriate basis on which to raise an evidentiary objection . . . is that a fact cannot be presented in a form that would be admissible in evidence."[16] "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."[17] An exhibit may "be sufficiently authenticated taking into consideration the 'appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'"[18] "Declarations attached to a reply brief are proper and satisfy the moving party's burden to explain why the material is admissible if the non-moving party has made admissibility objections."[19]

The Agreement contains Defendant's name, signature, and the specific amount of severance NUL was required to pay. Additionally, in his Reply, Plaintiff included a bank record supporting that NUL paid Defendant the same amount as the severance amount stated in the

---

[16] *United States v. RaPower-3, LLC*, No. 2:15-CV-00828-DN, 2020 WL 5531563, at *15 (D. Utah Sept. 15, 2020) (internal quotation marks and citation omitted) (emphasis omitted)); *see also Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 999 (10th Cir. 2019) (internal quotation marks and citation omitted) ("At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial, but the content or substance of the evidence must be admissible").

[17] FED. R. CIV. P. 56(c)(2) advisory committee's note to the 2010 amendment.

[18] *Law Co., Inc. v. Mohawk Const. & Supply Co., Inc.*, 577 F.3d 1164, 1171 (10th Cir. 2009) (quoting FED. R. EVID. 901(b)(4)).

[19] *RaPower-3, LLC*, 2020 WL 5531563, at *18 (citation omitted).

Agreement. Plaintiff also attached the Pierce Declaration, which states that Ms. Pierce has personal knowledge of the Agreement and attests to its authenticity. This evidence supports the Agreement's authenticity and that Plaintiff could authenticate the Agreement at trial by calling Defendant or Ms. Pierce to testify. Therefore, the Court finds that Plaintiff met his burden to show that the Agreement could be presented in an admissible form at trial.

Defendant also objects to Plaintiff's Declaration, which includes statements supporting that NUL gave Plaintiff authority to act as NUL's agent. Defendant argues that evidence supporting Plaintiff's agency would need to come from NUL to overcome a hearsay objection. Plaintiff responded with the Pierce Declaration, which states that NUL gave Plaintiff "the authority to engage in certain acts on behalf of NUL as its Master Distributor,"[20] including "the authority to recruit additional distributors for NUL and to engage in transactions with others to sell NUL's products. [Plaintiff] has in fact recruited additional distributors for NUL and has engaged in transactions with others to sell NUL's products."[21] The Pierce Declaration also states that Plaintiff's "ability to engage in these actions on behalf of NUL is ultimately subject to NUL's authority and control."[22] Based on the Pierce Declaration, Plaintiff has met his burden to show that the evidence could be presented in an admissible form at trial, and the Court will consider the evidence submitted with the Motion.

---

[20] Docket No. 50, Ex. A ¶ 7 (SEALED).
[21] *Id.* ¶ 8.
[22] *Id.* ¶ 9.

Defendant also argues that the Pierce Declaration is inadmissible "additional evidence" or, if the Court finds it is admissible, Defendant should be allowed to submit a surreply.[23] Plaintiff responds that the Declaration is a direct response to Defendant's attempt to create a question of material fact and should be considered without allowing a surreply.

Tenth Circuit precedent "forbids the district court from relying on new arguments or materials to decide a summary judgment motion unless the opposing party is provided an opportunity to respond."[24] Similarly, the local rules allow a reply brief to cite additional evidence "only to rebut a claim that a material fact is in dispute. Otherwise, a reply may not contain additional evidence, and, if it does, the court may disregard it."[25]

In his Motion, Plaintiff declares that he is currently NUL's agent and affiliate and acted in that role at the conference. Defendant responds that Plaintiff must offer evidence from NUL itself to prove that NUL considered him their agent. Plaintiff's Reply addresses Defendant's objections by including the Pierce Declaration, which directly responds to Defendant's argument. In similar circumstances, this Court has allowed the movant to submit additional affidavits in a reply to rebut a non-movant's attempt to create a fact issue.[26] Accordingly, the Court can consider the entire Pierce Declaration submitted with Plaintiff's Reply. Defendant also argues that Plaintiff could only meet his burden of proof for summary judgment with the Pierce

---

[23] Docket No. 52, at 4 (citing *Paugh v. Uintah Cnty.*, 2:17-cv-01249-JNP-CMR, 2020 WL 4597062, at *16 (D. Utah Aug. 11, 2020)).

[24] *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006).

[25] DUCivR 56-1(d).

[26] *See Rico v. Eveland*, 2:18-cv-00644-JCB, 2020 WL 7414016, at *5 (D. Utah Dec. 17, 2020) (finding summary judgment for movants after they submitted supplemental affidavits in their reply responding to opposing party's attempt to create a question of material fact).

Declaration, and because the Pierce Declaration is inadmissible, summary judgment is precluded. As discussed above, the Pierce Declaration is admissible. Thus, Plaintiff is not precluded from attaching the Pierce Declaration, and the Court will consider it.

As to whether Defendant should be allowed to file a surreply, Defendant argues that because Plaintiff did not satisfy his burden of proof until the Reply, Defendant should have a chance to respond. However, Defendant does not raise any specific evidentiary objections to the Pierce Declaration or explain what fact issues it created. Instead, Defendant merely argues that because the Declaration offers "additional evidence," he is entitled a response. Although "there may be instances when reply-brief evidence raises a genuinely new issue to which the summary judgment opponent should be given an opportunity to respond . . . [Defendant] nowhere explain[s] how the [Plaintiff's] reply-brief evidence prejudices [him], or what [he] could possibly address by way of a surreply."[27] Because the Court finds that the evidence included in the Reply directly addresses Defendant's opposition and Defendant has not provided a reason a surreply would be helpful to Defendant or the Court, the Court will not allow Defendant to file one.

B. SUMMARY JUDGMENT

The Court will next address the merits of Plaintiff's Motion.

Plaintiff argues that the Agreement bars Defendant's battery counterclaim. The Agreement's Release of Claims clause states:

> In consideration for the payments and other promises and undertakings contained in this Agreement . . . you release, acquit, and forever discharge the Company, its . . . agents, servants, employees, attorneys, shareholders, successors, assigns, and affiliates, of and from any and all claims, liabilities, demands, charges, causes of

---

[27] *SEC v. Mahabub*, 15-cv-2118-WMJ-MLC, 2017 WL 6555039, at *3 (D. Colo. Dec. 22, 2017).

action . . . which you assert or could assert against the Company at common law or under any statute, rule, regulation, order, or law, on any ground whatsoever . . . arising out of or in any way related to agreements, events, acts, or conduct at any time prior to and including the date you sign this Agreement, including, but not limited to . . . all other tort claims, including . . . assault and battery. . . .[28]

Defendant first argues that Plaintiff is not an agent or affiliate under the Agreement. The Agreement does not define "agent," so common law definitions govern. The common law definition of agency, which both Utah and California law incorporate,[29] states that "[a]gency is the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."[30]

First, as stated in the Motion and further discussed in the Pierce Declaration, Plaintiff has provided evidence supporting that NUL authorized Plaintiff to act for NUL during the relevant time, including "the authority to recruit additional distributors for NUL," and "to engage in transactions with others to sell NUL's products."[31] The Pierce Declaration further specifies that for the event, NUL gave Plaintiff authority to participate as a company representative and be "the face of NUL's distributors" to "boost sales."[32] Second, although Plaintiff did not state that he

---

[28] Docket No. 41, Exhibit B at 3 (SEALED).

[29] There is a question as to whether Utah or California law applies. The Agreement specifies that it be "construed and enforced in accordance" with California law. Docket No. 37, at 7 n.1 (SEALED). The parties do not meaningfully discuss which state's law applies, but there is no substantive difference between Utah and California law on agency and contractual interpretation, so the choice of law issue has no bearing on the Motion's outcome.

[30] RESTATEMENT (THIRD) OF AGENCY § 1.01; *See Secci v. United Indep. Taxi Drivers, Inc.*, 214 Cal. Rptr.3d 379, 385 (2017); *Wardley Corp. v. Welsh*, 962 P.2d 86, 89 (Utah Ct. App. 1998).

[31] Docket No. 37, Ex. A ¶ 8 (SEALED).

[32] Docket No. 50, Ex. A ¶¶ 11–13 (SEALED).

explicitly accepted his duties as an agent, his actions as Master Distributor and his participation at the NUL event show that Plaintiff accepted responsibility to work on NUL's behalf. Third, through both the Plaintiff's declaration and the Pierce Declaration, Plaintiff supports that his actions were ultimately subject to NUL's control at the time of the alleged battery.[33] In contrast, Defendant does not present any evidence supporting that Plaintiff was not an agent of NUL and merely objects to Plaintiff's evidence, which the Court has already discussed and overruled. The evidence Plaintiff presents supports that he was NUL's agent at the time of the battery as a matter of law.[34]

Next, Defendant argues that the Release Clause only shields liability for acts for which NUL itself would be liable. Because the battery was done outside the scope of NUL's control and could not be asserted against NUL, Defendant argues, Plaintiff would not be shielded from liability. Plaintiff responds by pointing to the Agreement's plain language quoted above. Under the clear terms of the Agreement, Defendant released any liability for claims that could be asserted against NUL.[35] Plaintiff contends that since Plaintiff was acting under NUL's authority at the time the alleged battery occurred, the Release Clause applies to Plaintiff's alleged battery as a matter of law.[36]

---

[33] Docket No. 37, Ex. A ¶ 13 (SEALED); Docket No. 50, Ex. A ¶ 13 (SEALED).

[34] Based on the Court's finding that Plaintiff has shown he was an "agent" as a matter of law, whether he was an affiliate is immaterial.

[35] Docket No. 41, Exhibit B at 3 (SEALED).

[36] Docket No. 50, at 9–12 (SEALED).

Both California and Utah recognize that a principal that is not an individual can only act through its agents.[37] Because NUL is not an individual and can only act through its agents, and because the undisputed facts support that Plaintiff was acting on NUL's behalf at the event, the claim against Plaintiff "could be asserted" against NUL.

Additionally, both California and Utah law instruct that valid release clauses are binding and applicable on parties to a contract if they are "explicit," "unambiguous," or "clear."[38] As stated above, the plain language of the Agreement shields both NUL and its agents, among others, from liability for all torts, specifically including "assault and battery."[39] There is no scope of employment language in the Release Clause limiting NUL or its agents' liability for these intentional torts. Further, the Release broadly states that it covers conduct that occurred "any time prior to and including the date" the Agreement was signed.[40] The copy of the Agreement shows that Defendant signed the Agreement after the alleged incident occurred, and Defendant

---

[37] *See Kight v. CashCall, Inc.*, 133 Cal. Rptr.3d 450, 459 (Cal. Ct. App. 2011) ("[A] corporation and its employees generally function as a single legal unit and are the same legal 'person' for purposes of applying various tort, agency, and jurisdiction principles") (citations omitted); *Orlob v. Wasatch Mgmt.*, 2001 UT App 287, ¶ 18, 33 P.3d 1078 ("Corporations can only act through agents, be they officers or employees.") (internal quotation marks and citation omitted).

[38] *See Powers v. Superior Ct.*, 242 Cal. Rptr. 55, 56 (Cal. Ct. App. 1987) ("Release, indemnity and similar exculpatory provisions are binding on the signatories and enforceable so long as they are clear, explicit and comprehensible in each of their essential details. Such an agreement, read as a whole, must clearly notify the prospective releasor or indemnitor of the effect of signing the agreement.") (internal quotation marks and citation omitted); *Simonson v. Travis*, 728 P.2d 999, 1002 (Utah 1986) (explaining a common principle that, for "a release[] to be enforceable, [it] must at a minimum be unambiguous, explicit, and unequivocal") (citation omitted).

[39] Docket No. 41, Exhibit B at 3 (SEALED).

[40] *Id.*

did not otherwise assert that the Agreement was not valid as it applied to him. Because the plain language of the Agreement and the undisputed facts support that Defendant's counterclaim is disallowed under the terms of the Agreement, the Court finds summary judgment for Plaintiff on Defendant's counterclaim.

## IV.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 40) is GRANTED.

DATED this 28th day of January, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge