IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOE JULIANO,<br><br>        Plaintiff,<br><br>v.<br><br>KENTON ENGEL,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br>Case No. 2:23-cv-351<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees. For the reasons described below, the Court denies the Motion.

I.    BACKGROUND

Defendant Kenton Engel was the Vice President of Marketing at New U Life ("NUL"), and Plaintiff Joe Juliano was NUL's Master Distributor.[1] According to the Complaint, Plaintiff ruined a product reveal at an NUL corporate event, and Defendant confronted him in a heated exchange. Defendant was terminated from his position at NUL shortly thereafter and signed a Separation Agreement that limited NUL and its agents' liability. Based on the interaction, Plaintiff filed a complaint against Defendant for civil assault and intentional infliction of emotional distress in Utah state court in May 2023, which was removed to federal court.[2] After removal, Defendant moved to dismiss both claims,[3] and this Court granted dismissal of the IIED

---

[1] Docket No. 44, at 4–5.

[2] Docket No. 2.

[3] Docket No. 12.

1

claim.[4] On August 19, 2023, Defendant filed an Answer and a counterclaim for battery claiming that during their interaction, Plaintiff pressed his forehead to Defendant's forehead, placed his hands on Defendant's shoulders, and almost pushed Defendant to the ground.[5]

On March 8, 2024, Plaintiff moved for summary judgment on the battery counterclaim, arguing that the Separation Agreement prohibited such counterclaims against NUL and its agents.[6] On January 28, 2025, the Court issued a summary judgment ruling in Plaintiff's favor, finding that the Agreement waived all liability for NUL and its agents, which included Plaintiff.[7] Plaintiff then filed a Motion for Attorneys' Fees on February 11, 2025.[8] On February 25, 2025, Defendant filed his Opposition,[9] and on March 21, 2025, Plaintiff filed his Reply.[10]

## II.   DISCUSSION

In his Motion, Plaintiff argues that he is owed attorneys' fees pursuant to Utah's bad faith statute[11] because of Defendant's frivolous battery counterclaim. Defendant responds that the Tenth Circuit has ruled that the statute cannot be applied in diversity cases in federal court,[12] and

---

[4] Docket No. 18.

[5] Docket No. 19.

[6] Docket No. 37 (SEALED).

[7] Docket No. 56.

[8] Docket No. 57.

[9] Docket No. 63.

[10] Docket No. 68.

[11] Utah Code Ann. § 78B-5-825(1).

[12] *See Banner Bank v. Smith*, 30 F.4th 1232, 1241 (10th Cir. 2022) (finding that Utah Code Ann. § 78B-5-825(1) is a procedural statute that conflicts with federal law and because it has "no application in federal court, . . . district courts sitting in diversity cannot award fees under it.").

Plaintiff concedes that, because this action is in federal court based on diversity, this statute is inapplicable. However, in an attempt to salvage his Motion, Plaintiff argues for the first time in his Reply that fees are warranted under the bad faith exception to the American Rule and that Plaintiff, as a third-party beneficiary to the Separation Agreement, can be awarded fees as damages for a breach of contract claim.

In *Beaird v. Seagate Technology, Inc.*,[13] the Tenth Circuit held that if new materials or arguments are presented in a reply brief, the district court can either permit a surreply or refrain from relying on the new materials or arguments included in the reply brief. Because Plaintiff's new arguments could have been addressed in his Motion but were not, the Court will decline to address them. Plaintiff's Motion was based solely on Utah's bad faith statute, which he now concedes is inapplicable. As such, the Motion is denied.

### III.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Attorneys' Fees (Docket No. 57) is DENIED.

DATED this 28th day of May, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[13] 145 F.3d 1159 (10th Cir. 1998).